**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| ANDREW JAMES MCGONIGLE,<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ROBBINS RESEARCH INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No. 1:25-cv-00800<br><br>Answer, Affirmative Defenses and Counterclaim<br><br>Jury Trial Demanded |

# ROBBINS RESEARCH INTERNATIONAL, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

## ANSWER TO COMPLAINT

Defendant Robbins Research International, Inc. ("RRI"), by the undersigned counsel, answer Plaintiff Andrew James McGonigle's Complaint ("Complaint") as follows:

### Nature of this Action

1. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 1 is construed to contain factual allegations that require a response, the allegations are denied.

2. Paragraph 2 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI denies the allegations in Paragraph 2.

### Jurisdiction and Venue

3. Paragraph 3 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI admits that Plaintiff has alleged that subject matter jurisdiction arises under 28 U.S.C. 28 U.S.C. § 227(c)(5) and § 1331. Except as specifically admitted, RRI denies the allegations in Paragraph 3.

4. Paragraph 4 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI admits that Plaintiff has alleged that venue is proper 47 U.S.C. § 1391(b). Except as specifically admitted, RRI denies the allegations in Paragraph 4.

5. Paragraph 5 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI denies the allegations in Paragraph 5.

**Parties**

6. Paragraph 6 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and denies them on that ground.

7. Admitted.

**Factual Allegations**

8. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and denies them on that ground.

9. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and denies them on that ground.

10. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and denies them on that ground.

11. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and denies them on that ground.

12. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and denies them on that ground.

13. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and denies them on that ground.

14. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and denies them on that ground.

15. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and denies them on that ground.

16. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and denies them on that ground.

17. Paragraph 17 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and denies them on that ground.

18. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and denies them on that ground.

19. Paragraph 19 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and denies them on that ground.

20. RRI specifically admits that the subject text messages were intended for the alleged customer previously associated with this number where our records indicated this number opted in to receive such text messages. RRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and denies them on that ground.

21. Paragraph 21 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and denies them on that ground.

22. Paragraph 22 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and denies them on that ground.

23. RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and denies them on that ground.

24. Paragraph 24 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and denies them on that ground.

25. Paragraph 25 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and denies them on that ground.

**Class Action Allegations**

26. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 26 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

27. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 27 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

28. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 28 is construed to contain factual allegations that require a response, the

allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

29. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 29 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

30. Paragraph 30 states legal conclusions or arguments that do not require a response. To the extent Paragraph 30 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

31. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 31 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

32. Paragraph 32 states legal conclusions or arguments that do not require a response. To the extent Paragraph 32 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

33. Paragraph 33 states legal conclusions or arguments that do not require a response. To the extent Paragraph 33 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

34. Paragraph 34 states legal conclusions or arguments that do not require a response. To the extent Paragraph 34 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

35. Paragraph 35 states legal conclusions or arguments that do not require a response. To the extent Paragraph 35 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

36. Paragraph 36 states legal conclusions or arguments that do not require a response. To the extent Paragraph 36 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

37. Paragraph 37 states legal conclusions or arguments that do not require a response. To the extent Paragraph 37 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the

Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

38. Paragraph 38 states legal conclusions or arguments that do not require a response. To the extent Paragraph 38 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

39. RRI repeats and realleges its responses to all preceding paragraphs as if fully set forth herein. Paragraph 39 states legal conclusions or arguments that do not require a response. To the extent Paragraph 39 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

40. Paragraph 40 states legal conclusions or arguments that do not require a response. To the extent Paragraph 40 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

41. Paragraph 41 states legal conclusions or arguments that do not require a response. To the extent Paragraph 41 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

42. Paragraph 42 states legal conclusions or arguments that do not require a response. To the extent Paragraph 42 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

43. Paragraph 43 states legal conclusions or arguments that do not require a response. To the extent Paragraph 43 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

44. Paragraph 44 states legal conclusions or arguments that do not require a response. To the extent Paragraph 44 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

45. Paragraph 45 states legal conclusions or arguments that do not require a response. To the extent Paragraph 45 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

46. Paragraph 46 states legal conclusions or arguments that do not require a response. To the extent Paragraph 46 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the

Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

47. Paragraph 47 states legal conclusions or arguments that do not require a response. To the extent Paragraph 47 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

48. RRI repeats and realleges its responses to all preceding paragraphs as if fully set forth herein. Paragraph 48 states legal conclusions or arguments that do not require a response. To the extent Paragraph 48 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

49. Paragraph 49 states legal conclusions or arguments that do not require a response. To the extent Paragraph 49 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

50. Paragraph 50 states legal conclusions or arguments that do not require a response. To the extent Paragraph 50 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

51. Paragraph 51 states legal conclusions or arguments that do not require a response. To the extent Paragraph 51 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

52. Paragraph 52 states legal conclusions or arguments that do not require a response. To the extent Paragraph 52 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

53. Paragraph 53 states legal conclusions or arguments that do not require a response. To the extent Paragraph 53 is construed to contain factual allegations that require a response, the allegations are denied. RRI specifically denies that certification of the putative class defined in the Complaint—or any purported class or subclass—is appropriate and denies that Plaintiff could satisfy the requirements of Rule 23.

**Count I**
**Violation of 47 U.S.C. § 227(c)(5)**

54. RRI repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

55. Paragraph 55 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI denies the allegations in Paragraph 55.

56. Paragraph 56 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI denies the allegations in Paragraph 56.

57. Paragraph 57 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI denies the allegations in Paragraph 57.

58. Paragraph 58 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI denies the allegations in Paragraph 58.

59. Paragraph 59 states legal conclusions or arguments that do not require a response. To the extent a response is required, RRI denies the allegations in Paragraph 59.

60. RRI denies that it engaged in the conduct alleged in Paragraph 60. RRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and denies them on that ground.

61. RRI denies that it engaged in the conduct alleged in Paragraph 61. RRI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and denies them on that ground.

62. This paragraph does not contain factual allegations to which an answer is required. To the extent Paragraph 62 is construed to contain factual allegations that require a response, the allegations are denied. In further response, RRI denies that Plaintiff and any putative class members are entitled to any relief from RRI.

## Prayer for Relief

RRI denies that Plaintiff is entitled to any relief or remedy whatsoever, including, without limitation, the certification of a class action or any relief sought in subparts i through viii.

## Demand for Jury Trial

RRI admits that Plaintiff has demanded a trial by jury of all issues that are triable.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses thereto, subject to discovery and based on information and belief, and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, RRI asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint, and each of its causes of action, fails to state a claim against RRI upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Standing)**

The Complaint and all causes of action and forms of relief sought therein are barred, in whole or in part, because Plaintiff and/or the putative class members lack standing to assert the cause of action alleged in the Complaint, including, among other reasons, because they have sustained no damages or injury and, even if they have sustained injury or damages, such injuries or damages were not related to or caused by RRI's conduct. Plaintiff further lacks standing to seek the forms of relief sought by the Complaint.

### THIRD AFFIRMATIVE DEFENSE

**(Consent)**

The cause of action in the Complaint is barred by the doctrine of consent.

### FOURTH AFFIRMATIVE DEFENSE

**(Improper Class Action)**

To the extent Plaintiff purports to certify a class, Plaintiff's allegations do not give rise to class status as he cannot satisfy the requirements of Rule 23

**FIFTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Damages, Restitution, or Injunctive Relief)**

Plaintiff and the putative class are barred from any recovery from RRI because Plaintiff cannot show that he or members of the putative class are entitled to damages as a result of any acts or omissions by RRI.

**SIXTH AFFIRMATIVE DEFENSE**

**Defenses as to Each Putative Class Member)**

RRI may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed class and reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Adequate Legal Remedy)**

The injury or damage alleged by Plaintiff and putative class members, if any exists, would be adequately compensated in an action at law for damages. Plaintiff and putative class members, therefore, have a complete and adequate remedy at law and are not entitled to seek equitable relief.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

Damages or injuries suffered by Plaintiff, if any, are attributable to the conduct, acts, and/or omissions of third parties, and not RRI.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver / Release)**

Plaintiff and the putative class members have waived and released whatever rights they

may have had to assert any alleged cause of action against RRI, and are therefore barred from asserting the purported causes of action in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

**(Reservation to Raise Other Defenses)**

RRI hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this litigation and reserves the right to amend this Answer to assert any such defenses.

## COUNTERCLAIM

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counterclaim Plaintiff Robbins Research International, Inc. asserts the following counterclaim against Plaintiff/Counterclaim Defendant Andrew James McGonigle, and, by and through its counsel, alleges as follows:

## INTRODUCTION

1. Plaintiff/Counterclaim Defendant Andrew James McGonigle ("Plaintiff") is a professional plaintiff who brings cases under the TCPA and similar state laws, not because he is genuinely aggrieved by receiving texts, but so he can generate financial profits from bringing lawsuits. Upon information and belief, Plaintiff acquired at least one previously-owned telephone number whose prior owner had enrolled in receiving text messages. Upon receiving text messages that the prior owner had affirmatively consented to receiving, Plaintiff then sued at least twenty (20) companies claiming to have not consented to receiving such messages. This scheme has and will cost Defendant/Counterclaim Plaintiff Robbins Research International, Inc. ("RRI") significant fees and damages to defend against this frivolous suit, among other damages to be proved at trial.

## JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367(a).

3. Venue lies in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b), as the relevant events took place in this District.

**THE PARTIES**

4. Defendant/Counterclaim Plaintiff is a corporation headquartered in San Diego, CA.

5. Plaintiff/Counterclaim Defendant is a natural person who resides in this District.

**FACTUAL ALLEGATIONS**

6. On or around August 5, 2024, Plaintiff acquired the telephone number (804) 238-XXXX. Compl. ¶¶ 8, 12. Upon information and belief, the prior owner of the telephone number enrolled in receiving RRI's text messages *Id.* ¶¶ 16, 19.

7. Based upon the prior owner's affirmative consent to receiving text messages, RRI sent text messages to the telephone number (804) 238-XXXX. Compl. ¶ 18. Plaintiff could have easily typed four characters—S-T-O-P—to end receipt of any texts from RRI, which is the universally accepted and reasonable way to end unwanted text communications.

8. At least one of the text messages sent to RRI expressly advised that he could "Reply STOP to cancel."

9. Plaintiff never replied STOP.

10. Prior to initiating this case, Plaintiff filed at least twenty (20) recent federal cases, alleging TCPA violations; the majority of these suits contain substantially similar allegations to those here. *See McGonigle v. Alliance Entertainment, LLC*, No. 0:24-cv-62443 (S.D. Fla. Dec. 29, 2024); *McGonigle v. D'Artagnan, Inc.*, No. 1:25-cv-00052 (E.D. Va. Jan. 11, 2025); *McGonigle v. Everyday Dose LLC*, No. 1:24-cv-25115 (S.D. Fla. Dec. 30, 2024); *McGonigle v. Filters Fast LLC*, No. 1:24-cv-2063 (E.D. Va. Nov. 19, 2024); *McGonigle v. HSN, Inc.*, No. 8:24-

cv-02712 (M.D. Fla. Nov. 21, 2024); *McGonigle v. Laurice El Badry Rahme, Ltd. d/b/a Bond No. 9*, No. 1:24-cv-1742 (E.D. Va. Oct. 1, 2024) (Brinkema, J.); *McGonigle v. LG Elecs. U.S.A., Inc.*, No. 2:25-cv-02700 (E.D. Va. Jan. 11, 2025) (Brinkema, J.); *McGonigle v. Midwest Catalog Brands, LLC d/b/a Amerimark*, No. 3:24-cv-00864 (W.D. Wis. Dec. 5, 2024); *McGonigle v. Office Depot, LLC,* No. 9:25-cv-80069 (S.D. Fla. Jan. 17, 2025); *McGonigle v. Perpay, Inc.*, No. 2:25-cv-00326 (E.D. Pa. Jan. 20, 2025); *McGonigle v. Pure Green Franchise Corp.*, No. 0:25-cv-61164 (S.D. Fla. June 10, 2025); *McGonigle v. Richmond Fitness, Inc. d/b/a American Family Fitness*, No. 1:25-cv-00103 (E.D. Va. Jan. 21, 2025) (Brinkema, J.); *McGonigle v. Shopperschoice.com L.L.C. d/b/a BBQguys.com*, No. 1:24-cv-01887 (E.D. Va. Oct. 25, 2024); *McGonigle v. Skull Shaver, LLC*, No. 1:25-cv-424 (E.D. Va. Mar. 8, 2025); *McGonigle v. Transform SR Brands LLC*, No. 1:25-cv-01674 (N.D. Ill. Feb 18, 2025); *McGonigle v. Teleflora LLC*, No. 1:25-cv-00807 (E.D. Va. May 9, 2025); *McGonigle v. Telescents, Inc.*, No. 1:25-cv-00845 (E.D. Va. May 15, 2025); *McGonigle v. Value City Furniture, Inc.*, No. 2:24-cv-04293 (S.D. Ohio Dec. 23, 2024); *McGonigle v. Walker and Co. Brands, Inc. d/b/a Bevel*, No. 1:24-cv-2140 (E.D. Va. Nov. 26, 2024); *McGonigle v. Zale Delaware, Inc. d/b/a Zales Jewelers*, No. 1:24-cv-1820 (E.D. Va. Oct. 15, 2024).

11. On information and belief, the above-listed cases are only a small number of the TCPA claims that Plaintiff has asserted, since many claims are asserted by demand letter and resolved pre-complaint.

12. In some of his other TCPA cases, Plaintiff undertook another common "professional plaintiff" strategy wherein he affirmatively consented to receive text messages from a company and then attempted to revoke his consent in a way that the sender would miss—by sending a physical letter stating his revocation of consent. *See, e.g.*, *McGonigle v. Laurice El*

*Badry Rahme, Ltd. d/b/a Bond No. 9*, No. 1:24-cv-1742, ECF No. 1 ¶ 19 (E.D. Va. Oct. 1, 2024) (Brinkema, J.) (Plaintiff sent a physical letter to revoke consent instead of simply responding via text with STOP).

13. Plaintiff's behavior demonstrates that he has no genuine interest in the products and services of any of these companies nor is he interested in stopping the text messages, which he could by simply texting the word STOP. Rather, the claims in this case are part of an intentional scheme to set up and sue dozens of retailers under the TCPA and similar state statutes.

**COUNT I: FRAUD**

14. RRI repeats and realleges each and every factual allegation contained in paragraphs 1-13.

15. "Under Virginia law, the elements of fraud are: (i) a false representation or omission; (ii) of a material fact; (iii) made intentionally and knowingly; (iv) with intent to mislead; (v) reliance by the party misled; and (vi) resulting damage to the party misled." *Brown v. Slenker*, 197 F. Supp. 2d 497, 506 (E.D. Va. 2002).

16. Upon information and belief, Plaintiff acquired his new phone number with the intention of later bringing suit against RRI.

17. Plaintiff intentionally did not inform RRI that he did not wish to receive text messages.

18. RRI informed Plaintiff he could reply STOP at any time to no longer receive text messages. *See* Compl. ¶ 18.

19. Plaintiff did not reply STOP.

20. Plaintiff permitted text messages from RRI to continue so he could later bring suit, as he has done many times prior, and to make a profit off of an eventual TCPA lawsuit. *See supra* ¶ 8.

21. Plaintiff intended for RRI to rely on his omission so he would receive text messages that could form the basis of a lawsuit.

22. RRI justifiably relied on Plaintiff's concealment of his wish to no longer receive text messages when RRI sent Plaintiff text messages, and RRI sent him a number of text messages as a result.

23. RRI has suffered and will continue to suffer damages, including the filing and legal fees in this action, as a result of Plaintiff's fraud.

**PRAYER FOR RELIEF**

24. RRI requests that it be awarded relief in its favor and against Plaintiff as follows:

a. RRI's attorneys' fees, expenses, and costs arising out of this arbitration; and

b. All such other and further relief to which RRI may be justly entitled.

Dated: June 25, 2025

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Rachel P. Raphael*

Rachel P. Raphael (VSB 85522)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: 202.739.3000
F: 202.739.3001

Ezra D. Church (*pro hac vice*)
ezra.church@morganlewis.com
William C. Kuzma (*pro hac vice*)
william.kuzma@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
T: 215.963.5000
F: 215.963.5001

*Attorneys for Defendant/Counterclaim Plaintiff Robbins Research International, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Rachel P. Raphael*
Rachel P. Raphael

*Attorney for Robbins Research International, Inc.*