**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| ANDREW JAMES MCGONIGLE,<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ROBBINS RESEARCH INTERNATIONAL, INC.,<br><br>Defendant/Counterclaim Plaintiff. | Civil Action No. 1:25-cv-00800<br><br>**Second Amended Counterclaim**<br><br>Jury Trial Demanded |

**ROBBINS RESEARCH INTERNATIONAL, INC.'S SECOND AMENDED COUNTERCLAIM**

Pursuant to the Court's Order (ECF No. 32) and Federal Rule of Civil Procedure 13, Defendant/Counterclaim Plaintiff Robbins Research International, Inc. hereby asserts the following second amended counterclaim against Plaintiff/Counterclaim Defendant Andrew James McGonigle, and, by and through its counsel, alleges as follows:

## INTRODUCTION

1. Plaintiff/Counterclaim Defendant Andrew James McGonigle ("Plaintiff") is a professional plaintiff who brings cases under the TCPA and similar state laws, not because he is genuinely aggrieved by receiving texts, but so he can generate financial profits from bringing lawsuits. Upon information and belief, Plaintiff acquired at least one previously-owned telephone number whose prior owner had enrolled in receiving text messages. Upon receiving text messages that the prior owner had affirmatively consented to receiving, Plaintiff then sued at least thirty-one (31) companies claiming to have not consented to receiving such messages. This scheme has and will cost Defendant/Counterclaim Plaintiff Robbins Research International, Inc. ("RRI")

significant fees and damages to defend against this frivolous and manufactured lawsuit, among other damages to be proved at trial.

## JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367(a).

3. Venue lies in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b), as the relevant events took place in this District.

## THE PARTIES

4. Defendant/Counterclaim Plaintiff is a corporation headquartered in San Diego, CA.

5. Plaintiff/Counterclaim Defendant is a natural person who resides in this District.

## FACTUAL ALLEGATIONS

6. On or around August 5, 2024, Plaintiff acquired the telephone number (804) 238-XXXX.

7. The prior user of the phone number had enrolled in receiving RRI's text messages on or around October 9, 2023 and at least one other time, including January 31, 2024.

8. Based upon the affirmative consent to receiving text messages, RRI sent a mix of informational and potentially marketing text messages to the telephone number (804) 238-XXXX.

9. The first text message to Plaintiff was sent on January 22, 2025, and informed Plaintiff that he could "reply STOP to cancel" at any time.

10. Plaintiff could have easily typed four characters—S-T-O-P—to end receipt of any texts from RRI, which is the universally accepted and reasonable way to end unwanted text communications.

11. As demonstrated in Plaintiff's discovery responses, specifically Interrogatory No. 11, and RRI's records, Plaintiff never replied STOP.

12. RRI's records indicate that Plaintiff affirmatively opted out from receiving further text messages on or about March 4, 2025, and received no further text messages.

13. Prior to initiating this case or in recent months after filing this case, Plaintiff filed at least thirty-one (31) recent federal cases, alleging TCPA violations; the majority of these suits contain substantially similar or exact allegations to those here. *See McGonigle v. Bond No. 9*, No. 1:24-cv-01742 (E.D. Va. Oct. 1, 2024); *McGonigle v. Zales Delaware Inc.*, No. 1:24-cv-01820 (E.D. Va. Oct. 15, 2024); *McGonigle v. Shopperschoice.Com, LLC*, No. 3:25-cv-00152 (M.D. La. Oct. 25, 2024); *McGonigle v. Filters Fast LLC*, No. 1:24-cv-02063 (E.D. Va. Nov. 19, 2024); *McGonigle v. HSN, Inc.*, No. 8:24-cv-02712 (M.D. Fla. Nov. 21, 2024); *McGonigle v. Walker & Co. Brands, Inc.*, No. 1:24-cv-02140 (E.D. Va. Nov. 26, 2024); *McGonigle v. FTD, LLC*, No. 1:24-cv-12201 (N.D. Ill. Nov. 26, 2024); *McGonigle v. Midwest Catalog Brands LLC*, No. 3:24-cv-00864 (W.D. Wisc. Dec. 5, 2024); *McGonigle v. Value City Furniture, Inc.*, No. 2:24-cv-04293 (S.D. Ohio Dec. 23, 2024); *McGonigle v. Alliance Entertainment, LLC*, No. 0:24-cv-62443 (S.D. Fla. Dec. 29, 2024); *McGonigle v. Everyday Dose LLC*, No. 1:24-cv-25115 (S.D. Fla. Dec. 30, 2024); *McGonigle v. LG Electronics USA*, No. 1:25-cv-02700 (D.N.J. Jan. 11, 2025); *McGonigle v. D'Artagnan, Inc.*, No. 1:25-cv-00052 (E.D. Va. Jan. 11, 2025); *McGonigle v. Office Depot*, No. 9:25-cv-80069 (S.D. Fla. Jan. 17, 2025); *McGonigle v. Perpay, Inc.*, No. 2:25-cv-00326 (E.D. Pa. Jan. 20, 2025); *McGonigle v. Richmond Fitness, Inc.*, No. 1:25-cv-00103 (E.D. Va. Jan. 21, 2025); *McGonigle v. Skull Shaver, LLC*, No. 1:25-cv-00424 (E.D. Va. Mar. 8, 2025); *McGonigle v. Teleflora LLC*, No. 1:25-cv-00807 (E.D. Va. May 9, 2025); *McGonigle v. Telescents, Inc.*, No. 1:25-cv-00845 (E.D. Va. May 14, 2025); *McGonigle v. Pure Franchise Corp.*, No. 0:25-cv-61164 (S.D. Fla. June 10, 2025); *McGonigle, et al. v. Dickey's Barbecue Restaurants, Inc.*, No. 1:25-cv-1062 (E.D. Va., June 24, 2025); *McGonigle, et al. v. Freedom Debt Relief, LLC*, No. 3:25-cv-5426

(N.D. Cal. June 27, 2025); *McGonigle v. Moriarty Gem Corp.*, No. 1:25-cv-0398 (N.D. Ind. July 18, 2025); *McGonigle v. Omaha Steaks, LLC*, No. 8:25-cv-00509 (N. Neb. Aug. 20, 2025); *McGonigle v. Why Direct LLC*, No. 3:25-cv-00934-RCY (E.D. Va. Nov. 4, 2025); *McGonigle v. Why Direct LLC*, No. 1:25-cv-01961 (E.D. Va. Nov. 4, 2025); *McGonigle v. United Wholesale Mortg., LLC*, No. 2:25-cv-13865 (E.D. Mich. Dec. 2, 2025).

14. The above-listed cases constitute only a portion of the TCPA claims that Plaintiff has asserted, since many claims are asserted by demand letter and resolved pre-complaint. Plaintiff has admitted this in response to discovery, specifically Interrogatory No. 7.

15. In some of his other TCPA cases, Plaintiff undertook another common "professional plaintiff" strategy wherein he affirmatively consented to receive text messages from a company and then attempted to revoke his consent in a way that the sender would miss—by sending a physical letter stating his revocation of consent. *See, e.g.*, *McGonigle v. Laurice El Badry Rahme, Ltd. d/b/a Bond No. 9*, No. 1:24-cv-1742, ECF No. 1 ¶ 19 (E.D. Va. Oct. 1, 2024) (Brinkema, J.) (Plaintiff sent a physical letter to revoke consent instead of simply responding via text with STOP). On information and belief, Plaintiff employed this strategy to intentionally mislead companies about his intentions with the hope that they would continue to send him text messages and enable him to file a lawsuit.

16. Here, RRI received a letter from Plaintiff dated February 15, 2025 informing RRI of his belief that he did not provide consent to receive telemarketing texts. In response, RRI informed Plaintiff of the prior opt-in for that phone number, the last time on January 31, 2024. *See* Mar. 14, 2025 Ltr. from B. Levine, attached as Exhibit A, at 1 ("[O]ur records indicate that we have several instances where the customer associated with this number opted-in to receive . . . text messages.").

17. At no point after receipt of Plaintiff's letter did Plaintiff receive another text message from RRI—the last sent on February 6, 2025.

18. After Plaintiff realized he could not accumulate more messages from RRI, he affirmatively opted-out on or about March 4, 2025. *See id; supra* ¶ 12.

19. Similar to his actions here, at no point in his other TCPA cases did Plaintiff reply "STOP." Instead, Plaintiff often waited months, accumulating multiple text messages from retailers to intentionally increase the potential statutory penalties at issue.

20. Plaintiff's behavior with respect to numerous companies demonstrates that he has no genuine interest in the products and services of any of these companies nor is he interested in stopping the text messages, which he could end by simply texting the word STOP.

21. Instead, Plaintiff's claims in this case are part of an intentional scheme to "set up" and sue dozens of retailers under the TCPA and similar state statutes

22. Plaintiff intentionally misled RRI by failing to opt-out of messages on an ongoing basis when he had no interest in RRI's products and services; his only interest was in generating potential liability so that he could sue RRI under the TCPA.

23. Although Plaintiff claims to not have received "any *exceptional* compensation" in connection with any of his TCPA matters, he has admitted in discovery, specifically his response to Interrogatory No. 5, that he has "derived income from bringing claims against companies who sent [him] text messages."

24. In fact, in a deposition conducted in one of his other cases, he admitted that his largest source of income for 2025 was from TCPA settlements. Dep. of Andrew James McGonigle, *McGonigle v. Value City Furniture, Inc.*, No. 2:24-cv-04293 (S.D. Ohio Sept. 22, 2025), Dkt. 25-1, 40:11–14, 44:2–6.

## COUNT I: FRAUD

25. RRI repeats and realleges each and every factual allegation contained in paragraphs 1-24.

26. "Under Virginia law, the elements of fraud are: (i) a false representation or omission; (ii) of a material fact; (iii) made intentionally and knowingly; (iv) with intent to mislead; (v) reliance by the party misled; and (vi) resulting damage to the party misled." *Brown v. Slenker*, 197 F. Supp. 2d 497, 506 n.16 (E.D. Va. 2002) (internal cites omitted). Virginia also recognizes a claim for constructive fraud where the representation or omission is made innocently or negligently. *Evaluation Rsch. Corp. v. Alequin*, 247 Va. 143, 439 S.E.2d 387, 390 (1994).

27. Upon information and belief, Plaintiff acquired his new phone number on August 5, 2024, in whole or in part, with the intention of later bringing suit against RRI.

28. Plaintiff intentionally did not inform RRI that he did not wish to receive text messages, after receiving his first message from RRI on January 22, 2025.

29. Plaintiff intentionally did not inform RRI that he was not interested in its products and services.

30. RRI informed Plaintiff on multiple occasions that he could reply STOP at any time to no longer receive text messages. *See* Compl. ¶ 18.

31. Plaintiff did not reply STOP on any of the occasions that he received a text message from RRI.

32. Plaintiff knew about the TCPA and potential remedies available because he filed numerous TCPA lawsuits prior to receiving his first text message from RRI.

33. Plaintiff knew that texting "STOP" would end any further text messages because RRI informed him of this option.

34. Plaintiff knew that texting "STOP" would end any further text messages because of his previous lawsuits against other companies, many of whom provided similar opt-out options.

35. Plaintiff also knew that texting "STOP" would end any further text messages because his is a "professional plaintiff" with knowledge regarding the TCPA.

36. Plaintiff permitted text messages from RRI to continue so he could later bring suit, as he has done many times prior, and to make a profit off of an eventual TCPA lawsuit. *See supra* ¶¶ 9, 15.

37. Plaintiff intended for RRI to rely on his omission so he would receive text messages that could form the basis of a lawsuit.

38. Plaintiff's concealment of his wish to no longer receive text messages from RRI was material because knowledge of that fact is vital to RRI's ability to maintain TCPA compliance.

39. RRI justifiably relied on Plaintiff's failure to disclose his wish to no longer receive text messages when RRI sent Plaintiff text messages, and RRI sent him a number of text messages as a result.

40. Had Plaintiff simply replied STOP to the first or any of the texts that he received from RRI, he would have not received any more messages.

41. RRI has suffered and will continue to suffer damages in excess of $100,000 due to internal costs related to its response to this litigation, including the filing and legal fees in this action, as a result of Plaintiff's fraud.

**COUNT II: FRAUD BY CONCEALMENT**

42. RRI repeats and realleges each and every factual allegation contained in paragraphs 1-24.

43. Under Virginia law, fraudulent concealment requires a "willful and intentional" failure to disclose "a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist." *SS Richmond LLC v. Harrison*, 640 F. Supp. 3d 453, 481–82 (E.D. Va. 2022).

44. Plaintiff intentionally did not disclose to RRI that he no longer wished to receive text messages.

45. Plaintiff intentionally did not inform RRI that he was not interested in their goods and services.

46. RRI informed Plaintiff he could reply STOP at any time to no longer receive text messages. *See* Compl. ¶ 18.

47. Plaintiff did not reply STOP.

48. Plaintiff knew about the TCPA and potential remedies available because he filed numerous lawsuits prior to receiving his first text from RRI.

49. Plaintiff's concealment of his wish to no longer receive text messages from RRI was material because knowledge of that fact is vital to RRI's ability to maintain TCPA compliance.

50. RRI continued to send Plaintiff text messages upon the assumption of Plaintiff's concealment that he no longer wanted to continue receiving text messages.

51. Plaintiff intended for RRI to rely on his concealment so he would receive text messages that could form the basis of a lawsuit.

52. RRI has suffered and will continue to suffer damages in excess of $100,000 due to internal costs related to its response to this litigation, including the filing and legal fees in this action, as a result of Plaintiff's fraud.

## PRAYER FOR RELIEF

53. RRI requests that it be awarded relief in its favor and against Plaintiff as follows:

a. RRI's attorneys' fees, expenses, and costs arising out of this litigation; and

b. All such other and further relief to which RRI may be justly entitled.

Dated: December 19, 2025

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Rachel P. Raphael*

Rachel P. Raphael (VSB 85522)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: 202.739.3000
F: 202.739.3001

Ezra D. Church (*pro hac vice*)
ezra.church@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
T: 215.963.5000
F: 215.963.5001

*Attorneys for Defendant/Counterclaim Plaintiff Robbins Research International, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 19, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*/s/ Rachel P. Raphael*
Rachel P. Raphael

*Attorney for Robbins Research International, Inc.*